{¶ 21} While I concur in the judgment, I write separately to explain why I agree to sustain the first assignment of error, as my reasoning differs from the majority. I find Mr. Guthrie is incompetent to testify to most of the matters in his affidavit for reasons beyond simply that he could not have been an eyewitness to them.
 {¶ 22} Personal knowledge may be inferred from the contents of an affidavit. Bush v. Dictaphone Corp., Franklin App. No. 00AP-1117, 2003-Ohio-883, ¶ 73. Here, however, it can be inferred that Mr. Guthriedoes not have personal knowledge of the specific manner in which the manufacturer installed the door panel, not because it is impossible for him to have witnessed it, but because he never states that he did witness it, though the panel was installed during his tenure as a maintenance technician. He likewise provides no other statements demonstrating that he is competent to offer proof of the method of installation.
 {¶ 23} I am troubled by my colleagues' implication, in paragraph 9, ante, that one in a position of authority must be physically present "24 hours a day, seven days a week," in order to testify as to matters within that authority. Though not before us in this case, there are other ways in which supervisors, managers, directors, committee members, and the like, may demonstrate that they are competent to offer proof of certain matters under their control or pertaining to the endeavors in which they engage with their subordinates or colleagues.
 {¶ 24} I agree that the trial court should have stricken the substantive portions of Mr. Guthrie's affidavit. What remains falls short of discharging appellees' initial burden under Civ.R. 56, so I agree that the trial court erred in granting summary judgment. In my *Page 9 
view, this renders moot both the second and third assignments of error. Accordingly, I do not join in my colleagues' discussion of the second assignment of error.
 {¶ 25} For the above stated reasons, I concur in the judgment. *Page 1